# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY BEEBE, | Case No.: 2:06-cv-01539-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Remand–#23) |
| DATS TRUCKING, INC., JOHN DOES I through V; DOE CORPORATIONS VI through X, | |
| Defendant. | |

Before the Court is Plaintiff's **Motion for Remand** (#23), filed March 29, 2007. To date, no opposition has been filed.

### BACKGROUND

On November 15, 2006, Plaintiff filed a Complaint asserting negligence against Defendant in the Eighth Judicial District Court in Clark County, Nevada. In his Complaint, Plaintiff seeks compensatory damages in excess of $10,000. On November 29, 2006, Defendant removed the action to this Court under diversity jurisdiction asserting that Plaintiff is a resident of the State of Arizona and Defendant is a corporation incorporated in the State of Utah with its principal place of business in the State of Utah. In its notice of removal, Defendant claims that the sum of damages alleged by Plaintiff necessarily exceeds $75,000 based on the facts alleged

AO 72
(Rev. 8/82)

in the Complaint and Plaintiff's special medical damages of $9,138.

Plaintiff now moves to remand this action to state court arguing that Defendant has failed to establish that the amount in controversy exceeds $75,000.

## DISCUSSION

**I. Motion for Remand**

A civil action brought in state court may be removed to a district court of the United States by the defendant or defendants if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Districts courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). After removal occurs, 28 U.S.C. § 1447(c) allows the opposing party to make "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)."

Once a motion to remand is filed, "the removing defendant faces a strong presumption against removal, and bears the burden of establishing, by a preponderance of the evidence, that removal was proper." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1146 (D. Nev. 2004) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996)). "[R]emoval statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court." *McCaa,* 330 F. Supp. 2d at 1146 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Here, Plaintiff appears to only argue that diversity of jurisdiction is lacking because the matter in controversy does not exceed $75,000. Plaintiff bases his argument, in part, on the fact that his initial demand in this matter was $20,000, which Defendant refused to pay. Plaintiff further claims that the highest demand he ever made was for $37,500 and the most offered by Defendant was $6,000. According to Plaintiff, these numbers do not suggest that the matter in controversy exceeds $75,000. Defendant offers no response to Plaintiff's argument, thereby failing to meet its burden of proving, by a preponderance of the evidence, that the amount in controversy

AO 72
(Rev. 8/82)

exceeds $75,000. Further, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Therefore, Defendant's failure to meet its burden and file a response constitutes a consent to the granting of the instant motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (#23) is GRANTED.

The Clerk of the Court is directed to send a certified copy of this remand order to the Clerk of the Eighth Judicial District Court of the State of Nevada pursuant to 28 U.S.C. § 1447(c).

Dated: May 18, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**